# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

**V.**

**CHRISTOPHER SCOTT MOORE**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:12-mj-0296

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From at least on or about September 21, 2010 through present in Marion County, Indiana, and elsewhere, in the Southern District of Indiana and elsewhere defendant did fail to register as required as a sex offender

in violation of Title 18, United States Code, Section 2250. I further state that I am a Deputy U.S. Marshal and that this complaint is based on the following facts:

See attached affidavit

**Continued on the attached sheet and made a part hereof.**

_____
**Tammy Hammons**
Senior Inspector / Deputy U.S. Marshal

Sworn to before me, and subscribed in my presence

May 2, 2012
**Date**

at Indianapolis, Indiana
**City and State**

Kennard P. Foster, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

_____
**Signature of Judicial Officer**

AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

I, Tammy Hammons, being first duly sworn, hereby depose and state as follows:

1. I am a Senior Inspector / Deputy U.S. Marshal with the United States Marshal's Service and am assigned to the Indianapolis office. I have been a Deputy U.S. Marshal for over 17 years and was promoted to Senior Inspector on October 10, 2010. My duties include investigating violations of the Adam Walsh Act, Title 18 U.S.C. §2250 (SORNA-Sex Offender Registration and Notification Act), and assisting local agencies in locating state fugitive sex offenders who have failed to register locally. I also assist the local law enforcement officers with compliancy checks and other operations to aid in finding individuals who have been ordered to register as a sex offender. I have attended meetings of the Indiana Internet Crimes Against Children Task Force, made up of local, state, and federal law enforcement officers, whose sole focus is investigating crimes against children. In addition to the training I have received as a U.S. Deputy Marshal on an ongoing basis, I have also received specialized training in the SORNA statutes. I have attended a 3 day training course provided by the U.S. Marshal's Service Sex Offender Branch training (SOIB training) which consisted of laws and presentations of cases involving the SORNA statutes. I have been involved in approximately 100 investigations relating to finding unregistered sex offenders.

2. The information contained within this affidavit is based on information related to me by Georgia Bureau of Investigation, Georgia Department of Corrections, Indianapolis Metropolitan Police Department records, and court documents that I have received and other witnesses who are familiar with Christopher Scott Moore, DOB 1978 (full date of birth is unknown to me).

1

3. This affidavit requests an arrest warrant for Christopher Scott Moore, DOB 1978, who is currently at the Putnam County Jail, Greencastle, Indiana for the offense of probation violation on the original offense of domestic battery. Moore currently has a detainer placed with Putnam County Jail for Clay County for failure to appear on operating a vehicle while intoxicated charge.

4. 18 U.S.C. § 2250 makes it a federal crime for any person who is required to register under the Sex Offender Registration and Notification Act, travels in interstate or foreign commerce, and knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act.

5. On approximately April 2, 2012, a deputy prosecutor for Marion County, Indianapolis, Indiana contacted me regarding Moore. This deputy prosecutor had received information that Moore was convicted as a sex offender in Georgia, and had been arrested numerous times in Indiana.

6. I began an investigation on Moore and obtained final disposition documents from Berrien County, Georgia, which reflected that Moore was sentenced to 10 years imprisonment for Statutory Rape under Cause No. 99-530, on or about June 14, 2000. In that charging document, Moore had been charged with residential burglary, Aggravated Child Molest (i.e. oral sex) on a child less than 16 years of age, Statutory Rape, Providing Alcohol to a minor, and Child Molest (i.e. vaginal sex) on a child less than 16 years of age. Moore was charged with another defendant.

7. From this felony conviction, Moore was required to register as a sex offender under Georgia law for life. On January 18, 2002, Moore signed a document titled "Georgia Bureau of

Investigation, Georgia Crime Information Center Sex Offender Registration Notification" which stated, in part, "To comply with your registration requirements, you must report in person to the sheriff's office of the county where you reside within 10 days of your release from prison, placement on probation, parole or supervised release or entry into the State of Georgia. AT any time that you are on the registry, you are also required to report all addresses and employment changes to the sheriff's department where you last registered within 10 days of such change. If you move to another county in the State of Georgia, you are required to register with the sheriff of your new county of residence in addition to notifying the sheriff of your previous county of residence. If you move to another state, you are required to report to the sheriff's office you last registered within the State of Georgia and to report to the designated law enforcement agency in your new state of residence. Failure to meet any of these requirements will result in your arrest for failure to register." Georgia requires registration generally for life unless removed by order of a court or other legal means, in accordance with O.C.G.A. 42-1-19.

8. I have determined that the Georgia Sex Offender Registry indicates they have two registrations pertaining to Moore. Both registrations were notifications from the Georgia Department of Corrections. The first notification was in 2002 upon his release from the Statutory Rape conviction. The second was dated June 6, 2010, and indicated a residence address of 713 Old Coffee Road, Nashville, Georgia.

9. On approximately September 21, 2010, Moore obtained an Indiana Identification card with the address of 435 N. Goodlet Ave, Indianapolis, Indiana, 46222. Moore signed the resident statement which stated, "I hereby swear or affirm that the information that was read or entered on this entire form (including both sides) is correct. I am a resident or intend to make

3

Indiana my primary residence. I understand that making a false statement on this form may constitute the crime of perjury." An Indiana Residency Affidavit was also signed by Moore reflecting the address of 423 N. Goodlet Ave., Indianapolis, Indiana 46222, which states, "I am unable to provide proof of Indiana residence because of the following circumstances" with a checkmark next to "c) Applicant of any age currently residing with a relative or friend." This form was also signed by a male indicating that Moore was his nephew.

10. I have conducted database searches and spoken with law enforcement from Georgia Bureau of Investigations and Marion County Sex Offender Registry Unit, and there is no record of Christopher Scott Moore registering as a sex offender at any time since his conviction on June 14, 2000.

11. I have tried to determine as much as possible about Moore's arrests and convictions and found the following:

- 4/30/96. Tift County Sheriff's Office, Georgia. Arrest for Criminal Use of an Article with Altered ID Mark (Other than a Motor Vehicle), Felony. No disposition listed.

- 5/15/97. Nashville PD, Georgia. Arrest and conviction for Furnishing, purchasing, possessing of alcoholic beverage by person below legal age. On 6/30/97, Moore entered a guilty plea and was sentenced to $150 fine or 15 days jail.

- 5/15/97. Nashville PD, Georgia. Arrest for Theft by Shoplifting. Not guilty disposition.

- 11/14/98. Adel PD, Georgia. Arrest for DUI, Furnishing, Purchasing, Possession of Alcohol by a Person below Legal Age, Possession of Marijuana less than 1 oz. No disposition.

- 6/5/99. Berrien County Sheriff's Office, Georgia / Nashville PD, Georgia. Burglary,

4

Statutory Rape, Child Molest. Sentenced on 11/30/99 to 5 years, with serving 120 days with credit for time served and probation.

- 10/30/99. Nashville PD, Georgia. Purchasing, possession of a controlled substance (crack cocaine). Plea of guilty on 6/15/00, fine of $2000, 10 years probation.

- 4/22/00. Dougherty County PD, Georgia. Theft by taking. Sentenced on 8/28/01. 5 years probation.

- 8/19/07. Indianapolis PD, Indiana. Domestic Battery. Sentenced to 365 days, 78 days executed, 287 days suspended and probation. Hold for Georgia.

- 10/9/07. Berrien County Sheriff, Georgia, Failure to register as a sex offender. Dismissed on 9/2/10. Nolle prossed.

- 10/9/07. Berrien County, Sheriff, Georgia. Probation Violation. Court record states "balance of sentence." (Note: Georgia Department of Corrections stated that Moore was in custody at Berrien County Jail 1/8/08, and remained in the Georgia Department of Corrections until 6/12/10.

- 7/18/10. Putnam County Sheriff's Office, Battery. No disposition shown.

- 9/6/10. Indianapolis Metropolitan Police Department, Theft, Receiving, Criminal Conversion. Theft charge not filed. Criminal conversion dismissed. I have obtained the Indianapolis Metropolitan Police Department report from September 6, 2010. Officers responded to a retail store on West Washington Street in Indianapolis, Indiana, where they spoke with loss prevention officials. Moore, identified by his Georgia Department of Corrections ID card and a female allegedly shoplifted several items with a value of about $64.

- I have obtained an Indianapolis Metropolitan Police Department report from

5

September 18, 2010, from IMPD officers responding to a residence on Goodlet Ave., in Indianapolis, Indiana. Upon arrival, Moore's uncle reported that Moore had stated several times that he did not want to live and was hitting himself in the face and head with a rock. The officers noted fresh cuts and blood on Moore's face. Moore refused medical treatment. Moore stated he had hit himself in the face and was off his medications. Moore was placed at Wishard Hospital.

- 10/15/10. Brazil PD, Indiana. OWI, Operating a vehicle with no license. OWI endangering a person. Guilty plea on OWI endangering a person. 60 days.

- 11/1/10. Indianapolis Metropolitan Police Department, Domestic Battery, Criminal Confinement, Battery, Resisting Law Enforcement, Domestic Violence. Guilty plea on Resisting Law Enforcement and given 114 days executed, with 251 days suspended. I have obtained the police report from the Indianapolis Metropolitan Police Department for this incident which reflected that officers responded to Moore's Goodlet residence in Indianapolis, Indiana, for a domestic violence occurrence. Upon arrival to the residence, officers spoke with Moore and Moore's wife. The wife stated that Moore was supposed to have gone to a Clay County, Indiana court appearance, however did not go. He became very paranoid and started pacing in the house. The wife wanted to leave the residence but Moore would not allow her to leave, including using both hands to push her down to the ground, lock the doors so she could not leave, and overpower her to prevent her from leaving when she tried. Once able to reach her sister by telephone, her sister called the police. Moore also resisted officers as they attempted to handcuff him.

- 11/19/11. Nashville PD, Georgia. Endangering a child by DUI, Hit and Run, Driving

while Suspended.  Moore pleaded guilty on 1/18/12 to the DUI and given $772 fine plus $75 jail restitution, probation for 12 months, 3 days imprisonment, a Risk Reduction Program, and 40 hours community service to be completed within 4 months.

- I have obtained a police report from the Indianapolis Metropolitan Police Department showing that Moore was arrested on 3/20/12 on a felony battery warrant from Putnam County, Indiana.  He was arrested at a residence on Coquina Key Drive, in Indianapolis, Indiana.  Officers had first been called to the residence on a report of a disturbance.  Upon arrival, officers spoke with Moore's wife who stated that he was hiding in the bedroom.  After being located in the residence, Moore admitted to he and his wife having been drinking and arguing before bed.  Moore gave the police officers an incorrect date of birth.  When the officers ran the correct date of birth, they found the Putnam County warrant and a protective order previously filed by his wife.  Moore resisted arrest when the officers tried to handcuff him.  Moore's wife also became belligerent toward officers during this incident and she had been drinking.

12.  Moore is not currently registered in Indiana and appears he has never been registered in Indiana.  It is clear from Moore's criminal history that he travels between Georgia and Indiana frequently, but it does not appear that Moore has ever informed Georgia of his residences in Indiana and has not ever registered his addresses in Indiana in Georgia.

13. I respectfully request an arrest warrant be issued.

AND FURTHER AFFIANT SAITH NOT.

*[signature]*
Tammy Hammons
Deputy United States Marshal's Service

Subscribed and sworn to me before this 2nd day of May 2012, at Indianapolis, Indiana.

*[signature]*
The Honorable Kennard P. Foster
United States Magistrate Judge

8